**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jorge GIRON–SORIA, Defendant— Appellant.**

No. 04–50540.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Jan. 19, 2006.

---

Richard C. Cheng, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Elizabeth M. Barros, FPD, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Before: HUG, SILER * and WARDLAW, Circuit Judges.

MEMORANDUM **

Giron–Soria appeals his jury conviction for bringing an alien into the United States without immediate inspection and for commercial advantage on four grounds: (1) improper introduction of evidence at trial; (2) impermissible vouching by the government and its witnesses; (3) error in denying a mistrial; and (4) insufficiency of evidence supporting the verdict. We AFFIRM.

First, the district court did not abuse its discretion in admitting the videotaped evidence since the videotape was not offered for the truth of the statements asserted therein, see FED.R.EVID. 801(c), and the limiting instruction issued by the court minimized any risk of prejudice, see FED.R.EVID. 403; *United States v. Rogers,* 321 F.3d 1226, 1229–30 (9th Cir.2003). Even if we considered the admission of the videotape to be error, such error would not have affected the outcome of the trial. Given that the officers' statements on the videotape were not testimonial hearsay evidence, there are no Confrontation Clause concerns. *See United States v. Hall,* 419 F.3d 980, 985 (9th Cir.2005).

Second, the vouching claims fail because Giron–Soria did not show that the government either improperly put its own prestige behind a witness or referred to out-of-court information to support a witness's testimony. *See United States v. Younger,* 398 F.3d 1179, 1190 (9th Cir. 2005). The officers' videotaped statements to the effect that no jury would believe Giron–Soria's story do come close to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vouching for the truth of the officers' testimony over Giron–Soria's version of events. Even if we were to find impermissible vouching, however, Giron–Soria failed to show that it materially affected the fairness of the trial in light of the detailed curative instruction, defense counsel's elicitation of the agent's disbelief on cross-examination, and the testimony of the smuggled alien that she recognized Giron–Soria and that he asked her during transport not to disclose that he was the driver. *Id.*

Third, the district court did not abuse its discretion in refusing to grant a mistrial regarding the improper introduction of portions of the videotape given the district court's prompt issuance of a cautionary instruction and the slight risk of prejudice. *See United States v. Randall,* 162 F.3d 557, 559–60 (9th Cir.1998).

Lastly, sufficient evidence supports the verdict since 8 U.S.C. § 1324(a)(2) only requires the government prove that the alien lacked prior official authorization to cross the border into the United States. *See United States v. Munoz,* 412 F.3d 1043, 1048–49 (9th Cir.2005).

**AFFIRMED.**